# Exhibit 1



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**December 9, 2025 14:39**

By: DANIEL P. PETROV 0074151

Confirmation Nbr. 3697527

BRITTANY ERDMAN                                      CV 25 129446

   vs.

FIRSTENERGY CORPORATION                   **Judge:** SHERRIE MIDAY

**Pages Filed:** 7

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| **BRITTANY ERDMAN,**<br>192 Patrick John Drive<br>Wadsworth, OH 44281<br><br>      Plaintiff,<br><br>vs.<br><br>**FIRSTENERGY CORPORATION,**<br>℅ its statutory agent<br>CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, OH 43219<br><br>      Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.:<br><br>JUDGE<br><br><br>**COMPLAINT**<br><br><br>**Plaintiff demands a trial by jury on all issues triable of right by a jury, pursuant to Ohio R. Civ. P. 38.** |

## INTRODUCTION

1.    Plaintiff Brittany Erdman is an Ohio citizen.

2.    On information and belief, Defendant FirstEnergy Corporation is an Ohio corporation that does business in Ohio and Cuyahoga County.

3.    Plaintiff is an "employee" within the meaning of Chapter 4112 of the Ohio Revised Code and the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*. (the "FMLA").

4.    Defendant is a "person," and an "employer" as defined and used in Chapter 4112 of the Ohio Revised Code and the FMLA.

5.    These claims are timely brought under Ohio law, and venue and jurisdiction are proper.

## FACTS APPLICABLE TO ALL CLAIMS

6. Plaintiff was employed by Defendants from 2021, until on or about September 30, 2025.

7. Plaintiff was qualified for the position(s) in which she was employed and for which she applied or was considered.

8. Plaintiff was eligible for maternity leave, family leave, and medical leave under applicable law and Defendant's policies at the time of her termination.

9. Plaintiff successfully performed the duties and responsibilities of the position(s) she held.

10. On or about September 30, 2025, Defendant terminated Plaintiff's employment.

11. Defendant did not terminate Plaintiff for any reasons related to her work performance, her adherence or nonadherence to company policy and practice, or for just cause.

## FIRST CAUSE OF ACTION

**(Disability Discrimination and Refusal to Accommodate in Violation of Chapter 4112)**

12. Plaintiff incorporates by reference the foregoing as if fully re-alleged herein.

13. At all times relevant hereto, Plaintiff was qualified for the positions in which she was employed by Defendant.

14. During Plaintiff's employment, Plaintiff's newborn daughter suffered from one or more serious health conditions and was disabled within the meaning of the ADA and Chapter 4112.

15. During the course of her employment, Plaintiff was associated by parental relation to an individual who suffered from one or more serious health conditions and had a record of being disabled within the meaning of Chapter 4112.

16. Defendant knew of Plaintiff's daughter's disability.

2

17. Defendant discriminated against Plaintiff because of her daughter's disability and/or perceived disabilities, and Plaintiff's association with her daughter's disability, by failing to initiate an interactive process, and failing to provide reasonable accommodation.

18. At the time of Plaintiff's termination, she was physically and mentally able to perform her duties and could safely and substantially perform the essential functions of her job and otherwise met the established requirements of her position and duties.

19. Defendant refused to consider Plaintiff for reinstatement to her former position, or for other multiple open positions for which she was qualified because of her daughter's disability and/or perceived disabilities, and Plaintiff's association with her daughter's disability.

20. Defendant otherwise discriminated against Plaintiff on the basis of disability and/or perceived disabilities with respect to the terms, conditions and privileges of employment, including, but not limited to, salary and bonuses, falsely criticizing her performance, denying her needed support, removing her from her position, terminating her from her position and refusing to transfer, recall, or rehire her to her former position or to other open positions for which she was qualified, in violation of Sections 4112.02 and 4112.99 of Chapter 4112.

21. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and will continue to suffer economic and non-economic damages, including but not limited to back pay, front pay, past and future economic and non-economic losses, pain and suffering, the loss of salary and benefits, and other privileges and conditions of employment.

22. Defendant's discriminatory actions against Plaintiff were willful, reckless, and/or malicious and render Defendant liable for past and future economic and non-economic compensatory and punitive damages, attorneys' fees, and costs, pursuant to Section 4112.99 of the Ohio Revised Code.

3

## SECOND CAUSE OF ACTION

### (Sex/Pregnancy Discrimination and Retaliation in Violation of Chapter 4112)

23. Plaintiff incorporates by reference the foregoing as if fully re-alleged herein.

24. Plaintiff was pregnant, and informed Defendant that she was pregnant, during her employment.

25. Plaintiff informed Defendant that she intended to take time off for the birth of her child.

26. During her employment with Defendant, Plaintiff submitted to Defendant information regarding her pregnancy and her daughter's health, and the need for accommodations.

27. Defendant treated Plaintiff adversely because of her pregnancy and request for accommodations, including with respect to the terms, conditions and privileges of her employment.

28. Because of Plaintiff's sex, pregnancy and request for accommodation, Defendant subjected her to discriminatory treatment, including by subjecting her to unwarranted scrutiny, and discriminating against her in terms of pay, discipline, opportunities, and other terms and conditions of her employment.

29. Defendant terminated Plaintiff's employment in or about September 2025, because of her sex and pregnancy and request for accommodation.

30. Defendant discriminated against Plaintiff's because of her sex and pregnancy with respect to the terms, conditions, and privileges of her employment, including but not limited to refusing to accommodate her, terminating her employment, and refusing to transfer, recall, or rehire her to open positions for which she was qualified.

31. Defendant's termination of Plaintiff's employment and other discrimination against her violated Sections 4112.02 and Section 4112.99 of the Ohio Revised Code.

32. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer non-economic and economic injuries, including but not limited to pain and suffering and the loss of past and future economic losses, salary, wages, benefits, and other privileges and conditions of employment, for which Defendant is liable.

33. Defendant's conduct in terminating Plaintiff's employment was willful, wanton, reckless and/or malicious, and renders Defendant liable for compensatory damages, punitive damages and attorneys' fees pursuant to Section 4112.99 of the Ohio Revised Code.

## THIRD AND FOURTH CAUSE OF ACTION

### (Family and Medical Leave Act Interference and Retaliation)

34. Plaintiff incorporates by reference the foregoing as if fully re-alleged herein.

35. During the course of Plaintiff's employment, Plaintiff's daughter suffered from one or more serious health conditions within the meaning of 29 U.S.C. § 2611.

36. Defendant knew of the serious health condition(s) and the medical necessity of Plaintiff taking family leave for her daughter's treatment.

37. Plaintiff provided Defendant with notice of her need for leave as was practicable under the circumstances.

38. Plaintiff was an eligible employee within the meaning of the FMLA.

39. Plaintiff was permitted to take leave under the FMLA consistent with Defendant's policies and practices.

40. Plaintiff took leave under the FMLA.

41. Defendant interfered with Plaintiff's FMLA rights, and terminated Plaintiff's employment, because she had taken a period of leave to which she was entitled under the FMLA.

5

42. Defendant refused to consider Plaintiff for reinstatement to her former position or open and similar positions for which she was qualified because she had taken a period of leave to which she was entitled under the FMLA.

43. Defendant's conduct was undertaken, in whole or in part, in interference and retaliation for Plaintiff's exercise of her rights under the FMLA in violation of 29 U.S.C. § 2615, for which Defendant is liable for economic damages, pre-judgment interest, and attorneys' fees and costs in accordance with 29 U.S.C. § 2617.

44. Defendant's conduct was willful and not undertaken in good faith, and renders Defendant liable for liquidated damages and related costs and expenses in accordance with 29 U.S.C. § 2617.

## PRAYER FOR RELIEF

Plaintiff Brittney Erdman seeks an amount in excess of $75,000 to fully, fairly, and justly compensate her for her injuries, damages, and loss, and respectfully prays that this Court enter judgment in her favor and award her past and future economic and non-economic compensatory damages, including but not limited to pain and suffering, back pay, front pay, fringe benefits, consequential damages, special damages, incidental damages, punitive damages, interest, attorneys' fees, expenses, all fees and costs, and any additional equitable relief that the Court deems appropriate, including, but not limited to, reinstatement and promotion.

Respectfully submitted,

/s/ *Daniel P. Petrov*
DANIEL P. PETROV (0074151)
dpetrov@tpgfirm.com

THORMAN PETROV GROUP CO., LPA
20046 Walker Road
Shaker Heights, OH 44122
Tel. (216) 621-3500
Fax (216) 621-3422

*Attorneys for Plaintiff Brittney Erdman*